IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NELLA JOHNSON, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00652-XR |
| vs. | § § | |
| BEXAR COUNTY, | § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2]. The motions were automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motions, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs and requests the appointment of an attorney to represent her in this case. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, order service of Plaintiff's proposed Complaint, but deny the motion to appoint counsel.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff is unemployed but receives $1,700 per month in social security

payments. Plaintiff has only $2,000 in her checking or savings account, and her monthly expenses exceed her income.

This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant Plaintiff's Motion to Proceed IFP [#1]. Plaintiff is advised, however, that although she may proceed IFP in this case, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint for frivolousness. *See also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed complaint sues Bexar County, her former employer, alleging violations of Title VII and Section 1981 of the Civil Rights Act, Section 504 the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"). (Pl.'s Compl. [#1-1] at 1.) According to her pleadings, Plaintiff is an African-American woman. (*Id.* at 3.) Plaintiff alleges in December 2019 she was demoted from her employment with Bexar County's Small Business Entrepreneurship Department due to her race and in retaliation for her reporting of inappropriate comments and touching by her supervisor. (*Id.* at 2–3.) Plaintiff further alleges after her demotion, she suffered debilitating hearing loss, and, when she informed her supervisor of her condition, was denied the accommodation required under the ADA. (*Id.* at 6–8.) Plaintiff alleges that 30 days after she filed a formal charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC"), Defendant terminated her employment in July 2020. (*Id.* at 8–11.) Plaintiff contends the termination was in retaliation for filing the Charge. (*Id.*)

Documents attached to Plaintiff's proposed Complaint demonstrate that Defendant claims to have terminated Plaintiff under an automatic resignation policy due to her taking unauthorized leave from work for more than three consecutive days. (Termination Ltr. [#1-1] at 64.) According to Plaintiff, she filed an application for short-term disability as directed by Human Resources, which was approved on July 8, 2020, the day of her termination, and had been told she could stay home from work until August 18, 2020. (*See* Ltr. [#1-1] at 79.) Plaintiff claims Defendant failed to properly keep track of her hours, misinformed her that her leave had been approved, and never warned her she was at risk of termination. (Proposed Compl. [#1-1] at 9–13.)

The Court will order service of Plaintiff's proposed Complaint. Plaintiff alleges that she properly exhausted her administrative remedies and timely filed this federal action within 90 days of receiving her Right to Sue Letter. *See* 42 U.S.C. § 2000e-5(f)(1). The Court additionally finds that Plaintiff's proposed Complaint pleads at least one non-frivolous claim. Therefore, Defendant should be served with this lawsuit.

### III. Appointment of Counsel

Courts may also appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted). The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion,

where the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting her case; (3) whether the plaintiff is in a position to investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

Plaintiff has not demonstrated that exceptional circumstances are present in her case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e). Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that her case is not particularly complex, and she has the ability to articulate the basis of and present the facts pertinent to her claims. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice to her renewing her request at a later stage in the proceedings.

## V. CONCLUSION

In summary, the Court will grant Plaintiff's Motion to Proceed IFP, order service of Plaintiff's Complaint, but deny Plaintiff's motion for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

**IT IS FINALLY ORDERED** that Plaintiff's *pro se* Motion for Appointment of Counsel [#2] is **DENIED** without prejudice to refiling at a later stage of the proceedings.

SIGNED this 19th day of July, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE